UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

MELANIE G.,

                Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.

**DECISION AND ORDER**
25-CV-289-A

---

I.     INTRODUCTION

Represented by counsel, Melanie G. ("Plaintiff") commenced this action pursuant to Title XVI of the Social Security Act ("the Act") seeking review of the final decision of the Commissioner of Social Security ("the Commissioner" or "Defendant"), who denied her application for supplemental security income ("SSI") and Disability Insurance Benefits (DIB). On October 2, 2025, this Court issued an Order, based upon a stipulation between the parties, *see*, Dkt. 14, directing that the case be remanded to the Commissioner for further administrative proceedings, *see*, Dkt. 16, and judgment in favor of Plaintiff was entered. Dkt. 17.

Now before the Court is Plaintiff's motion for attorney's fees pursuant to the Equal Access to Justice Act. Dkt. 18. Counsel is requesting a fee of $8,014.47 which represents payment for 30.8 hours of attorney time at an hourly rate of $260.21. The Commissioner has filed a response to Plaintiff's motion, indicating, that it has no objection to the payment of attorney's fees to Plaintiff's attorney, "[i]f Plaintiff does

not owe a debt that is subject to offset at the time of the EAJA order." Dkt. 20. For the reasons set forth below, Plaintiff's motion is granted.

## II.    DISCUSSION

The Equal Access to Justice Act ("EAJA")states in relevant part:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, ... incurred by that party in any civil action ... brought by or against the United States ... unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A).

Here, in securing a remand, Plaintiff clearly has established her "prevailing party" status for purposes of the EAJA. *See Shalala v. Schaefer*, 509 U.S. 292, 300–02 (1993); *see also Caplash v. Nielsen*, 294 F. Supp. 3d 123, 129 (W.D.N.Y. 2018)(collecting cases). Having determined that Plaintiff was a "prevailing party" and that the Defendant's position was not "substantially justified," this Court must next determine whether the Plaintiff's attorney has met her burden of establishing that the hours expended and the rates charged were reasonable. *See Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). EAJA fees are determined by examining the amount of time expended on the litigation and the attorney's hourly rate, which is capped by statute. *See Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002); 28 U.S.C. § 2412(d)(2)(A). "When determining how many hours in a particular case are reasonable, courts weigh factors such as the size of the administrative record, the

complexity of the factual and legal issues involved, counsel's experience, and whether counsel represented the claimant during the administrative proceedings." *Lofton v. Saul*, No. 19-CV-00454 (KAD), 2020 WL 858649, at *1 (D. Conn. Feb. 21, 2020).

"Courts throughout the Second Circuit have consistently found that routine Social Security cases require, on average, between twenty and forty hours of attorney time to prosecute." *Id*. (internal brackets omitted). "Determining counsel's hourly rate under the EAJA involves applying a cost-of-living adjustment, as measured by the Consumer Price Index ("CPI"), to the statutory ceiling of $125.00 per hour set by the EAJA on March 29, 1996." *Montes v. Comm'r of Soc. Sec.*, No. 17-CV-322, 2019 WL 2264967, at *3 (W.D.N.Y. May 28, 2019) (internal quotation marks and brackets omitted). "The hourly rate should only be increased by the corresponding CPI for each year in which the legal work was performed." *Id*. (internal brackets omitted).

Here, Plaintiff's attorney, Jeanne Murray, Esq., submitted a declaration in support of this motion which indicates that he spent 30.8 hours working on Plaintiff's case. *See*, Dkt. 18-2.  Plaintiff's attorney seeks compensation at the rate of $260.21 per hour, which she asserts is the appropriate hourly rate under EAJA after adjustment for inflation using the appropriate Consumer Price Index (CPI). *See Ventura v. Barnhart*, 2007 WL 1051846, *3 (D. Conn. Mar. 2, 2007)("Courts in the Second Circuit have repeatedly approved fee applications under EAJA based upon

an hourly rates adjusted to reflect increases in the Consumer Price Index.")(citing cases).

Defendant does not object to these amounts. The Court has broad discretion to determine the amount of time reasonably expended, but the court is not required to "scrutinize each action taken or the time spent on it" when determining what is reasonable. *Aston v. Sec'y. of Health and Human Serv.*, 808 F.2d 9, 11 (2d Cir. 1986). Applying the relevant legal principles, the Court finds that the 30.8 hours sought by Plaintiff's counsel is reasonable. In her declaration, Plaintiff's counsel adequately accounts for the 30.8 hours she spent working on this case in 2025. Dkt. 18-2. Thus, the Court determines that Plaintiff's counsel is entitled to attorney's fees totaling $8,014.47.

### III.    CONCLUSION

For the foregoing reasons, Plaintiff's motion for attorney's fees, *see*, Dkt. 18, is **GRANTED**, and to the extent that Plaintiff does not owe a debt that is subject to offset at the time of the EAJA order, Defendant is directed to remit directly to Plaintiff's counsel $8,014.47.

**IT IS SO ORDERED**.

> *s/Richard J. Arcara*
> HONORABLE RICHARD J. ARCARA
> UNITED STATES DISTRICT COURT

Dated:  January 21, 2026
        Buffalo, New York